**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| In Re:  Robert Milton Crawford, Jr.  aka Robert Crawford | Case No. 16-73078-FJS<br>Chapter 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST, Movant

vs.

Robert Milton Crawford, Jr.  aka Robert Crawford
aka Robert M Crawford, Jr. , Debtor
Sandra E Crawford, Non-Filing Co-Debtor
R. Clinton Stackhouse, Jr., Trustee
                            Respondent(s)

**CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY**

This matter is scheduled to be heard before the court on May 29, 2019, on the Motion of U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST, Movant, by its attorney Dinh Ngo, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated June 6, 2006 and recorded amount the land records of County of City of Virginia Beach, Virginia, and which encumbers the property of the Debtors at 2016 Townfield Lane, Virginia Beach, Virginia 23454, and more particularly described as follows:

Dinh Ngo, Esq.
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, #800
Laurel, MD 20707
VSB #85661
301.490.1196
Attorney for U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST

**EXHIBIT "A"**

ALL THAT certain lot, piece or parcel of land, with the buildings and improvements thereon and the appurtenances thereunto belonging, lying, situate and being in the City of Virginia Beach, Virginia, being known, numbered and designated as Lot 1254, as shown on that certain plat entitled "SUBDIVISION OF RED MILL FARM, SECTION TWENTY-ONE, PHASE ONE, PRINCESS ANNE BOROUGH - VIRGINIA BEACH, VIRGINIA", dated June, 1992, made by John E. Sirine and Associates, Ltd., Surveyors, Engineers, Planners, and duly recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, in Map Book 225, at pages 23-28.

Upon consideration of which, it is
**ORDERED**

1. The Debtor will resume making regular monthly installment payments in the amount of $1,527.51 as they become due commencing on June 1, 2019.

2. The Debtors shall cure the post-petition arrearage currently due to the Movant from April 1, 2019 through May 1, 2019 in the total amount of $4,072.95, which less a suspense balance of $13.07 and current bankruptcy legal fees and costs of $1,031.00 by making the following payments:

    a. $339.42 on or before June 15, 2019

    b. $339.42 on or before July 15, 2019

    c. $339.42 on or before August 15, 2019

    d. $339.41 on or before September 15, 2019

    e. $339.41 on or before October 15, 2019

    f. $339.41 on or before November 15, 2019

    g. $339.41 on or before December 15, 2019

    h. $339.41 on or before January 15, 2020

    i. $339.41 on or before February 15, 2020

    j. $339.41 on or before March 15, 2020

    k. $339.41 on or before April 15, 2020

18-700245

      l.  $339.41 on or before May 15, 2020

3. In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant my mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

   a. That the debtor is in default in making at least one payment required under this order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;
      i. Cure the default;
      ii. File an objection with the court stating that no default exists; or
      iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that is has complied with the terms of this order, and that the court may grant relief from the automatic stay without further notice to the debtor; and
   f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee.  At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order.  In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are without prejudice and shall not constitute a waiver of any default.

18-700245

6. The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Relief as to, the co-debtor, from the automatic stay as imposed by 1301(a) is granted to the same extent and on the same terms and conditions as granted to the debtor as the co-debtor failed to file a timely response on May 29, 2019.

8. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorney's fees in the amount of $100.00 for issuance of a notice of default, and an additional $100.00 for the issuance of a certificate of default and preparation of an order terminating the automatic stay.

9. Once the debtor makes all the stipulated payments and the regular monthly mortgage payments during the cure period as required in the Order, then all monthly payments, costs, fees and late charges shall be deemed current from the date of the filing of the bankruptcy through the date of entry of the order.

10. The source of funds for this order are: <u>Decrease in budget items, miscellaneous expense, and entertainment expense</u>

11. Should relief subsequently be granted, the Trustee may treat the pre-petition arrears as satisfied without further action by any party.

IT IS FURTHER ORDERED that the Movant shall promptly notify the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed and pay to the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon further order of the Court. The Debtor(s) have been informed of the terms of the aforegoing order.

DONE at **Norfolk**, Virginia, Dated: _____June 14 2019_____

/s/ Stephen C. St.John    June 18 2019
_____
Judge, U.S. Bankruptcy Court
Eastern District of Virginia

SEEN AND CONSENTED TO:

_____

/s/ Dinh Ngo, Esq.
Dinh Ngo, Esq.
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, #800
Laurel, MD 20707

18-700245

VSB #85661
301.490.1196
*Attorney for Movant*

/s/ Kathryne M. Shaw                   (by Dinh Ngo, Esq. with permission from Kathryne M.
Kathryne M. Shaw                         Shaw based on FAX/email)
Boleman Law Firm
272 Bendix Road                          X____/s/ Dinh Ngo_____
Suite 330
Virginia Beach, Virginia  23452
*Attorney for Debtor*


SEEN:

/s/ R. Clinton Stackhouse, Jr._____
R. Clinton Stackhouse, Jr.               (by Dinh Ngo, Esq. with permission from
Chapter 12/13 Trustee                    R. Clinton Stackhouse, Jr. based on FAX/email)
7021 Harbour View Boulevard
Suite 101                                X____/s/ Dinh Ngo_____
Suffolk, Virginia  23435
*Trustee*

Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/ Dinh Ngo_____

**PARTIES TO RECEIVE COPIES**

Robert Milton Crawford, Jr.  aka Robert Crawford
2016 Townfield Lane
Virginia Beach, Virginia  23454

Sandra E Crawford
2016 Townfield Lane
Virginia Beach, Virginia  23454

Copies will be sent electronically via the CM/ECF system to Christopher M. Baker, Attorney for Debtor and R. Clinton Stackhouse, Jr., Trustee.


18-700245